**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SANDRA SANON, individually and on behalf of
all other persons similarly situated

        Plaintiff,

  v.

KIDZ DISCOVERY INC, ELIZA MACKY, and
DEANNA MALACHI,
        Defendants.

Case No.: 22-CV-10583

**COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

   Plaintiff Sandra Sanon ("Sanon") by and through her attorneys, Danny Grace PLLC as and for her Complaint in this action against Defendants Kidz Discovery Inc. (the "Company" or "Kidz Discovery"), Eliza Macky ("Macky"), and Deanna Malachi ("Malachi"), (collectively Defendants) alleges upon personal knowledge and upon information and belief as to the matters as follows:

## NATURE OF THE CLAIMS

   1.   This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§206 et. seq. ("FLSA") and New York Labor Law, Article 6 §§ 190 et seq., ("NYLL") to recover unpaid wages, reimbursement of expenses incurred while working for Defendants, and damages resulting from Defendants' misclassification of Plaintiff Sanon and all similarly situated individuals who were formerly or are presently employed by Defendants Kidz Discovery, Defendant Macky and Defendant Malachi.

   2.   This action is also for declaratory, injunctive, and equitable relief, as well as monetary damages, to redress the breach of a valid enforceable contract; promissory estoppel; and

1

unethical and unlawful employment practices against Plaintiff and all similarly situated individuals in violation of the FLSA and NYLL.

3.     Plaintiff is a former employee of Defendant Kidz Discovery, Defendant Macky and Defendant Malachi.

4.     Defendant Kidz Discovery, its subsidiaries and owners benefitted from the services of Plaintiff and all similarly situated individuals, without compensating them.

5.     Upon information and belief, individual Defendants Macky and Malachi serve, or served as owners, managers, principals, or agents of Defendant Kidz Discovery. Individual Defendants own, operate, or control Kidz Discovery with a mailing address at 391 East 149th Street, Bronx, NY 10461.

6.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other similarly situated individuals to work as an "Employee" but misclassified them as independent contractors without providing them employee benefits, wages for their services, reimbursement of work-related expenses, and overtime compensation as required by federal and state law and regulations.

7.     At all times relevant to this litigation, Defendants maintained a policy and engaged in the practice of withholding wages earned by Plaintiff and the members of the putative class and collective in violation of the FLSA and NYLL.

8.     By reason of Defendants' failure to pay Plaintiff and members of the putative class and collective pursuant to the terms of a valid agreement, Defendants are liable to Plaintiff and members of the putative class and collective for damages incurred as a result of the improper classification, as well as contractual damages, plus accruing interest, liquidated damages, and attorney's fees, no part of which has been paid though duly demanded.

9.     At all times relevant to this litigation, Defendants maintained a policy and engaged in a practice of failing to provide Plaintiff and members of the putative class wage notices and wage statements as required by New York Labor Law §§ 195 and 198.

10.     Defendants' conduct was knowing, malicious, willful, and wanton, and showed a reckless disregard for Plaintiff, which has caused and continues to cause economic and non-economic damages, including Plaintiff's severe mental anguish and distress.

11.     Plaintiff has initiated this action on her own behalf, and on behalf of all similarly situated employees, seeking unpaid wages and benefits that she and all similarly situated employees were deprived of, plus interest, liquidated damages, attorney's fees and costs.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1337 as this action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 207 *et seq.* ("FLSA").

13.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

14.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

15.     Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391, because Defendant Kidz Discovery regularly transacted and transacts business in the district and because a substantial part of the events or omissions giving rise to this action occurred in this district.

**PARTIES**

16.     Plaintiff Sandra Sanon resides in the State of New York and began her employment with Defendants as a Registered Behavior Technician ("RBT") on May 3, 2021.

17.     Defendant Kidz Discovery Inc. is a domestic business corporation and incorporated under Section 402 of Business Corporation Law with the Secretary of the State of New York, and with headquarters located at 391 East 149th Street, Bronx, NY 10461.

18.     Defendant Kidz Discovery is approved and licensed by the New York State Department of Health to provide early intervention services for children with developmental delays in the State of New York.

19.     At all relevant times, Defendant Kidz Discovery, Defendant Macky and Defendant Malachi were Plaintiff's direct or joint employers.

20.     Defendant Macky is sued individually in her capacity as owner, officer and/or agent of Defendant Kidz Discovery.

21.     Upon information and belief, Defendant Macky is an individual engaging (who was engaged) in business in this judicial district during the relevant period.

22.     Upon information and belief, Defendant Macky is the co-owner of Defendant Kidz Discovery, and she identifies herself as the 'Question and Answers, Notes and Human Resources' of Defendant Kidz Discovery in her emails. Defendant Macky possesses operational control over Defendant Kidz Discovery, an ownership interest in Defendant Kidz Discovery and controls significant functions of Defendant Kidz Discovery. She determines the wages and compensation of the employees of Defendant, including Plaintiff Sanon, establishes the schedules of employees, maintains employee records and has the authority to hire and fire employees.

23.    At all relevant times, Plaintiff reported to Defendant Macky.

24.    Defendant Malachi is sued individually in her capacity as owner, officer and/or agent of Defendant Kidz Discovery.

25.    Upon information and belief, Defendant Malachi is the co-owner and the Chief Executive Officer ("CEO") of Defendant Kidz Discovery and has the power to control Plaintiff's job duties, as well as the manner in which those duties are carried out, and to determine Plaintiff's wages and compensation, as well as other terms and conditions of Plaintiff's employment, as well as the terms and conditions of the employment of similarly situated persons.

26.    Defendant Malachi has the authority to hire and terminate employees of Defendant Kidz Discovery.

27.    At all relevant times, each individual Defendant possessed substantial control over Plaintiff's (and other similarly situated employees) working conditions, and over the policies and practices in place with respect to the employment and compensation of Plaintiff and all similarly situated individuals, referred to herein.

28.    The FLSA defines "employee" to include any person acting directly or indirectly in the interest of an employer in relation to an employee, and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, Defendants are liable as "employer" under the FLSA.

29.    Upon information and belief, Defendant Kidz Discovery's annual gross volume of sales made, or business done, is more than $500,000.00, and further, during Plaintiff's employment with Defendant, she routinely engaged in activities which facilitated or were related to interstate commerce while on the job.

30. Upon information and belief, Defendant Kidz Discovery is engaged in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce.

31. At all relevant times, Defendants met the definition of an "employer" under all applicable statutes.

## FLSA COLLECTIVE ACTION AND Rule 23 CLASS ACTION ALLEGATIONS

32. This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

33. Plaintiff's collective claims arising under federal law are brought on behalf of herself and a collective consisting of individuals who currently or formerly worked for Defendants, including those who worked as an RBT for a period of three (3) years prior to the filing of this Complaint ("FLSA Collective" or "Putative Collective").

34. At all relevant times, Plaintiff and other members of the FLSA collective action and class action under Rule 23 were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay the Plaintiff the required wages for work under the FLSA.

35. The claims of Plaintiff stated herein are similar to those of the other employees.

36. Plaintiff's class claims arising under New York state law are brought on behalf of herself and a class consisting of individuals who currently or formerly worked for Defendants including those who worked as an RBT within the state of New York for a period of six (6) years prior to filing this Complaint ("Rule 23 Class" or "Putative Class").

37.     Plaintiff and members of the putative class and collective are all victims of the Defendants' common policy and/or plan to violate the FLSA and NYLL by failing to pay its Employees/Providers for all hours worked pursuant to the FLSA and NYLL.

38.     Defendants had a policy and practice of misclassifying employees as independent contractors until January 2022, and failed to pay their Employees/Providers for all hours worked, which has resulted in Plaintiff and members of the putative class and collective not earning minimum wages under FLSA and NYLL.

39.     Plaintiff and members of the putative class are all victims of Defendants' common policy and/or plan to violate the NYLL by failing to provide wages and reimburse expenses relating to work pursuant to NYLL.

40.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of forty (40) employees.

41.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. The questions of law and fact include but are not limited to: (1) whether Defendants misclassified Plaintiff and putative class members as independent contractors, (2) whether Defendants failed to pay Plaintiff and putative class members for all hours worked because they did not provide Defendants with notes as required by Defendants; (3) whether Defendants failed to pay Plaintiff and putative class members for all hours worked because Defendants did not receive Medicaid funds or payments from Defendants' contractors; (4) whether Defendants failed to pay Plaintiff and putative class members for travel time and whether Defendants failed to reimburse them for expenses incurred as a result of working for Defendants.

42.     The claims of Plaintiff are typical of the claims of the putative class members. Plaintiff, like all members of the putative class, was subject to Defendants' policies and willful practice of refusing to pay employees for all hours worked and by failing to reimburse employees for expenses incurred from working for Defendants. Thus, Plaintiff and putative class members have sustained similar injuries as a result of Defendants' actions.

43.     The claims of Plaintiff are typical of the claims of the putative class members. Plaintiff, like all members of the putative class, was subject to Defendants' policies and willful practice of misclassifying their employees as independent contractors until January 2022.

44.     Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex litigation.

45.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy over unpaid wages. A class action will prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' common policies.

## FACTUAL ALLEGATIONS

46.     Plaintiff began her employment with Defendants on May 3, 2021, as a Registered Behavior Technician ("RBT").

47.     On May 3, 2021, Plaintiff entered into an Employment Agreement ("Agreement") with Defendant Kidz Discovery, which expressly provided that Plaintiff was an Employee or Provider of Defendant Kidz Discovery. A copy of the Agreement is annexed hereto as **Exhibit 1.**

53.     Plaintiff worked under the terms of the Agreement until her termination. During the entirety of her employment, Plaintiff and the members of the putative class and collective were under the control and supervision of Defendants.

54.     Defendants employed Plaintiff and the members of putative class and collective to perform therapist services.

55.     During the entirety of her employment, the services of Plaintiff and members of putative class and collective were an integral part of Defendants' business.

56.     During the entirety of her employment, Plaintiff's duties included, but were not limited to, providing services to assigned children as RBT of Defendants.

57.     Defendants included a Return of Documents clause in the Agreement, which provided:

> "[Plaintiff] agrees that upon termination of an [A]greement, [Plaintiff] will promptly deliver to [Kidz Discovery] all reports, records, writings, and all other documents or materials pertaining to the business or affairs of [Kidz Discovery] and/or the client(s) any information not received results in final payments held by [Kidz Discovery]."

58.     Defendants also included a non-compete clause in the Agreement, which provided:

> "[c]ommencing from the first date of the Provider's engagement by the [Kidz Discovery] and continuing for a period of two (2) years from the effective date of termination of the Employee, and not with provide services to any of the [Kidz Discovery's] client(s) at which the Employee was engaged without first obtaining the express written permission of the [Company]. The Employee agrees that during the term of this [A]greement, the Provider will not enter into, be engaged in, or be interested in any capacity whatsoever, directly or indirectly, in any business or undertaking which directly compete with that of the [Company] in regard to the client(s) at which the Employee has been or is engaged by virtue of this [A]greement ex. [e]ncouraging, convincing or influencing parents in any way to change agencies in which you/provider will render services."

59.     This non-compete clause set forth in the Agreement was in force for the entirety of Plaintiff's employment.

60.     Throughout Plaintiff's employment, Defendants retained the absolute right to control and direct Plaintiff's job duties and the manner in which Plaintiff performed her services. Defendants also retained complete authority to evaluate Plaintiff's performance.

61.     Defendants had the authority to hire or terminate Plaintiff's employment with Kidz Discovery.

62.     During the entirety of her employment, Plaintiff reported the progress of her services on a weekly or biweekly basis to Defendants, and at any time upon request.

63.     During the entirety of her employment, Plaintiff had no authority to delegate work and projects to others. Defendants retained the final say in deciding who worked on what and when.

64.     When Plaintiff needed to take a break, prior approval from Defendants was required.

65.     Throughout Plaintiff's employment, Defendants would communicate to Plaintiff what work should be done; would provide briefs and specifics for the services she rendered; and evaluated Plaintiff's work and work processes.  Within each review or evaluation of work in progress, Defendants would provide more detailed instructions, including what was good, what was lacking, what was incorrect, what needed to be done and how it should be done.

66.     At all relevant times, Plaintiff did not have any independent opportunity for profit or loss, nor did she have any investment in Defendants' business.

67.     Defendants provided available children for Plaintiff and other similarly situated employees to choose from. Defendants maintained the authority to decide which children Plaintiff could provide services for.

68. Defendants sent the treatment plan of each child to Plaintiff and created goals for each child. Plaintiff was required to work with each child based on the treatment plan and goals.

69. During all relevant times, Defendants' Board-Certified Behavior Analyst ("BCBA") was responsible for supervising Plaintiff's work, including but not limited to, watching Plaintiff's session with each child at least once a week and attending weekly zoom meetings.

70. Plaintiff was required to submit daily session notes that were signed by the child's parent. Three to five times per week, Defendant Malachi provided feedback regarding those notes.

71. Plaintiff was also required to submit monthly progress reports for each child that Plaintiff worked with and to send them to Defendant Malachi.

72. Thus, during the entirety of her employment, the nature of Plaintiff's employment was indicative of her status as an employee.

73. Further, the nature of the services that Plaintiff performed, and the manner in which she performed those services, made it clear that Plaintiff was actually an "employee" within the meaning of the FLSA and NYLL for the entirety of her employment with Defendants.

74. Although Plaintiff performed as an employee of the Company in all facets of her role, and the Company benefitted from Plaintiff's services as an employee of the Company, Defendants unlawfully and intentionally misclassified Plaintiff as an independent contractor in order to avoid its tax obligations and to pass on these obligations to Plaintiff herself.

75. Plaintiff was improperly classified as an independent contractor until January 2022 while Defendants benefited from Plaintiff's services as the Company's employee.

76. In fact, Plaintiff unwittingly suffered significant economic damage as a result of misclassification, including incurring a large tax liability each year due to her taxes not having been withheld by Defendants.

77. Moreover, Plaintiff was deprived of any benefits associated with lawful employment such as health insurance, 401k retirement contributions, company social security contributions, payments for meal breaks, overtime pay, and other city, state, and federal benefits.

78. Like Plaintiff, members of the putative class and collective worked for Defendants as employees and Defendants benefited from their services as employees. Defendants misclassified them as independent contractors.

79. Upon information and belief, the putative class members were also deprived of any benefits associated with lawful employment such as health insurance, 401k retirement contributions, company social security contributions, payments for meal breaks, overtime pay and other city, state, and federal benefits.

80. Upon Defendants' request, Plaintiff spent many hours writing and updating notes and attending weekly zoom meetings. All of this time was compensable time as defined by the FLSA and NYLL.

81. Like Plaintiff, members of the putative class and collective who work or worked for Defendants were also required to spend numerous hours writing and updating the above-mentioned notes upon Defendants' request or pursuant to their employment agreement, as well as to attend zoom meetings.

82. Defendants intentionally violated the FLSA and NYLL and refused to pay Plaintiff for the hours that she spent drafting and updating the notes and participating in the weekly zoom meetings.

83. Like Plaintiff, members of the putative class and collective worked for Defendants and did not receive any payment for drafting and updating notes and for attending weekly zoom meetings.

84.     While employed by Defendants, Plaintiffs were not exempt under the FLSA and NYLL. Plaintiff and members of the putative class and collective were entitled to overtime pay.

85.     From May 10, 2021, to May 6, 2022, Plaintiff treated five (5) children for Defendants at Defendants' direction and with Defendants' supervision.

    a.  From May 10, 2021, to July 1, 2021, Plaintiff provided services to Child 1 for ten (10) hours per week upon Defendants' request, direction and with Defendants' supervision;

    b.  From May 24, 2021, to August 1, 2021, Plaintiff provided services to Child 2 for ten (10) hours per week upon Defendants' request, at Defendants' direction, and with Defendants' supervision;

    c.  From May 31, 2021, to May 6, 2021, Plaintiff provided services to Child 3 for ten (10) hours per week upon Defendants' request, at Defendants' direction, and with Defendants' supervision;

    d.  From August 10, 2021 to September 10, 2021, Plaintiff provided services to Child 4 for ten (10) hours per week upon Defendants' request, at Defendants' direction, and with Defendants' supervision; and

    e.  From February 16, 2022, to May 6, 2021, Plaintiff provided services to Child 5 for twenty (20) hours per week upon Defendants' request, at Defendants' direction, and with Defendants' supervision.

86.     When Plaintiff treated three (3) children on the same date, it would take her approximately forty-five (45) minutes to travel from Child 1 to Child 2, and twenty (20) minutes to travel from Child 2 to Child 3. This travel time was compensable time under the FLSA and other related laws.

87. When Plaintiff treated two (2) children on the same date, it would take her approximately twenty (20) minutes to travel from Child 1 to Child 2. This travel time was compensable under the FLSA and other related laws.

88. Throughout her employment, Defendants intentionally violated the FLSA and NYLL and did not compensate Plaintiff and other similarly situated employees for travel time; nor did Defendants reimburse Plaintiff for expenses resulting from such travel.

89. Like Plaintiff, members of the putative class and collective worked for Defendants. Defendants did not pay them for their travel time when they were directed or instructed to provide services to more than one child within a single day.

90. The provision of **Fee Schedules: Pay Dates and Terms** provides that the employee could not be paid if they did not provide Defendants with notes, or if Defendant Kidz Discovery was unable to collect funds for any reason. Such a provision is *per se* invalid because it violates the FLSA and NYLL. Employees must be paid for their services.

91. Since March 2022, Plaintiff has not received any payment for the services that she rendered.

92. Employment with Defendants was Plaintiff's only source of income and thus failure to make payments has resulted in undue hardship to Plaintiff.

93. Defendants allege that they did not receive payment from Medicaid and thus Plaintiff and other similarly situated individuals should not be paid.

94. Further, it is Defendants' common practice and policy to refuse to pay their employees if Defendants did not receive funds or payments from their contractors. A copy of an online post from a former employee complaining about unpaid wages is annexed hereto as **Exhibit 2.**

95.     Defendants did not provide Plaintiff with a thirty-minute meal break as required by NYLL when Plaintiff worked more than six (6) hours per day. Similarly, Defendants did not provide Plaintiff with a thirty-minute meal break as required by FLSA throughout her employment.

96.     Like Plaintiff, members of the putative class and collective did not receive a meal break as required by NYLL when they worked for more than six (6) hours per day for Defendants.

97.     Not only was Defendants' conduct unlawful, but it has also caused, and continues to cause Plaintiff and members of the putative class and collective significant economic damages.

98.     This Complaint ensues.

## FIRST CAUSE OF ACTION
### (Violations of the FLSA)

99.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

100.    Plaintiff's employment was controlled and directed by Defendants; the services rendered by Plaintiff were and are an integral part of Defendants' business.

101.    For the entirety of her employment, Plaintiff's work schedule and hours were made by Defendants. Defendants controlled the manner of Plaintiff's performance; she was expected to be available during set working hours.

102.    The economic realities of Plaintiff and Defendants' relationship are such that Plaintiff was dependent on Defendants for employment and Plaintiff provided services as an employee.

103.    Defendants intentionally misclassified Plaintiff and members of the putative collective as independent contractors to avoid tax obligations, social security contributions, contributions to Medicare, and payment of employee benefits under city, state and federal laws.

104.    Defendants should be held liable for employment taxes of Plaintiff and members of the putative class and collective because of such misclassification.

105.    At all relevant times, Defendants failed to pay Plaintiff and members of the putative class for all hours that they worked, including travel time, time spent on drafting and updating notes per Defendants' request, and time attending weekly zoom meetings as required by Defendants in violation of FLSA §785.33.

106.    At all relevant times, Defendants failed to pay Plaintiff and members of the putative class for any hours worked where they failed to provide notes as required by Defendants.

107.    At all relevant times, Defendants failed to pay Plaintiff and members of the putative class for hours that they worked due to Defendants not receiving payments from Medicaid or contractors.

108.    At all relevant times, Defendants failed to reimburse Plaintiff and members of the putative class for expenses incurred because of work in violation of FLSA § 531 et. seq.

109.    At all relevant times, Defendants failed to provide Plaintiff and members of the putative class with a thirty-minute meal break.

110.    At all relevant times, Defendants failed to pay Plaintiff and members of the putative class the minimum wage as required by law.

111.    At all relevant times, Defendants failed to pay Plaintiff and members of the putative class overtime payments when their weekly working hours exceeded forty (40) hours.

112.    Defendants' failure to pay Plaintiff and members of the putative collective their rightfully owed compensation was willful.

113.    As a direct and proximate result of Defendants' unlawful conduct in violation of the FLSA, Plaintiff has suffered and continues to suffer severe economic damage, mental anguish

and emotional distress, including, but not limited to, depression, and injury, for which she is entitled to an award of monetary damages, penalties, liquidated damages, attorney's fees, and other relief.

114.    For the foregoing reasons, Defendants are liable to Plaintiff and members of the putative collective in an amount to be determined at trial, plus liquidated damages, interest, attorney's fees and costs.

<u>SECOND CAUSE OF ACTION</u>
(Misclassification Under the NYLL)

115.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

116.    Under the assumption that Plaintiff is an "employee" under all applicable statutes, she is protected by those laws.

117.    Plaintiff's employment was controlled and directed by Defendants such that Plaintiff did not work at her own convenience.

118.    For the entirety of her employment, Plaintiff's work schedule and hours were made by Defendants, and she was expected to be available during Defendants' set working hours.

119.    Defendants intentionally misclassified Plaintiff and the putative class as independent contractors in order to avoid tax obligations, social security obligations, contributions to Medicare, and payment of employee benefits under city, state and federal laws.

120.    Defendants had the power to hire and fire Plaintiff and Rule 23 class members, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

121.    As a direct and proximate result of Defendants' unlawful conduct in violation of the NYLL, Plaintiff has suffered and continues to suffer severe economic damage, mental anguish

and emotional distress, including, but not limited to, depression, emotional pain and suffering, for which she is entitled to an award of monetary damages, penalties, liquidated damages, attorney fees, and other relief.

## THIRD CAUSE OF ACTION
### (Failure to Pay Wages and Failure to Reimburse in Violation of NYLL)

122.   Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

123.   At all relevant times, Plaintiff and members of the putative class are employees as defined by NYLL; Defendants are employers as defined by NYLL.

124.   The hourly rate that Plaintiff, members of the putative class and Defendants agreed upon constitutes "wages" within the meaning of NYLL §§ 190 and 191.

125.   Pursuant to NYLL §191, Plaintiff and members of the putative class are entitled to be paid all of their wages "not later than seven days after the end of the week in which the wages are earned."

126.   Defendants failed to pay Plaintiff and members of the putative class for services rendered in contravention of NYLL, which expressly requires all employers to pay their workers within appropriate time frames.

127.   In failing to pay Plaintiff and members of the putative class their agreed upon wage for each hour worked, Defendants violated NYLL §§ 190, 191, and 198.

128.   Pursuant to NYLL § 193, "[n]o employer shall make any deduction from the wages of an employee," such as Plaintiff and members of the putative class, that is not otherwise authorized by law or by the employee.

129.   By withholding wages, including overtime pay, Defendants made unlawful deductions in wages owed to Plaintiff and members of the putative class.

130.    Upon information and belief, Defendants' failure to pay Plaintiff and members of the putative class for all wages earned was willful and not in good faith. For the foregoing reasons, Defendants have violated NYLL § 190, et seq. and are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION
**(Failure to Provide Wage Statements in Violation of NYLL)**

131.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

132.    Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement accompanying every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

133.    Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

134.    Plaintiff and members of the putative class did not receive accurate wage statements from the Defendants. Defendants wage statements did not accurately reflect the hours worked by Plaintiff and members of the putative class.

135.    The failure of Defendants to provide Plaintiff and members of the putative class with complete and accurate wage statements in violation of NYLL § 195 was willful and not in good faith.

136.    For the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class and collective for the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

## FIFTH CAUSE OF ACTION
### (Breach of Contract)

137.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

138.    Defendants agreed to pay Plaintiff by the terms of the Agreement.

139.    Plaintiff performed her bargained-for obligations under a valid Agreement by providing services and completing the tasks assigned to her and submitting invoices or notes to Defendants.

140.    Mutual consideration was present, and all parties had the competence and consent to enter into a contract.

141.    Defendants breached the Agreement by, *inter alia*, failing to compensate Plaintiff for all hours she worked.

142.    By reason of said breach of contract, and failure to compensate Plaintiff in accordance with its promise, Plaintiff is entitled to damages in an amount to be proven at trial but no less than $6,752.50, plus pre-judgment interest, damages, costs, and attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, for herself and on behalf of the putative class and collective, prays that the Court enter judgment in their favor and against Defendants, containing the following relief:

A.      An award declaring that Defendants engaged in unlawful employment practices prohibited by the Fair Labor Standards Act and the New York State Labor Law by failing to pay Plaintiff earned wages;

B.      An award of damages to Plaintiff for all lost wages and benefits, including, but not limited to contributions to Medicare, social security and income taxes resulting from Defendants' unlawful employment practices and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.      Any award of damages to Plaintiff and the members of putative class and collective for unpaid wages and reimbursement in an amount to be proven at trial;

D.      An award of compensatory damages for Plaintiff's mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven at trial;

E.      An award of liquidated damages as result of Defendants' willful failure to pay wages and its misclassification of Plaintiff and the members of putative class and collective in an amount to be proven at trial;

F.      An award of penalties as a result of Defendants' intentional misclassification of Plaintiff as an independent contractor;

G.      An award of Plaintiff's attorney's fees, costs, and expenses incurred in the prosecution of this action; and

H.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: December 15, 2022
        New York, New York                    Respectfully submitted,

                                              DANNY GRACE PLLC
                                              *ATTORNEYS FOR PLAINTIFF*
                                              225 BROADWAY, SUITE1200
                                              NEW YORK, NY 10007
                                              (516) 748-9848

                                              _____/S/_____
                                              DANIEL GRACE
                                              YUTING LI